SLIP OPINION



Cite as 2016 Ark. App. 122

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–15–815

|  |  |  |
|---|---|---|
| MICHELLE MULLIN | | Opinion Delivered February 24, 2016 |
| APPELLANT | | |
| | | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NOS. G104088 & G303872] |
| V. | | |
| DUCKWALL ALCO and SEDGWICK CLAIMS | | |
| APPELLEES | | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Michelle Mullin appeals an Arkansas Workers' Compensation Commission (Commission) opinion that found she failed to prove entitlement to ongoing medical treatment for her compensable neck, shoulder, and back injuries and to temporary-total-disability (TTD) benefits. Mullin argues that there was insufficient evidence to support those findings. We affirm.

On appeal in workers' compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and will affirm if those findings are supported by substantial evidence. *Myers v. City of Rockport*, 2015 Ark. App. 710, ___ S.W.3d ___. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue on appeal is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion,

we must affirm its decision. *Id.* Where a claim is denied, the substantial-evidence standard requires us to affirm the Commission if its opinion displays a substantial basis for the denial of relief. *Id.* With these standards in mind, we look to the evidence before the Commission.

The facts are these. Mullin has a history of shoulder and back problems (including two prior lumbar surgeries and an incident in March 2011 in which she injured her shoulder after being body-slammed to the floor by her developmentally disabled adult son). She also sustained two work-related injuries while employed with Alco.

The first injury occurred on April 11, 2011. Mullin injured her back, neck, and left shoulder while unloading freight from the back of a semi-truck. Her injuries were deemed compensable, and she was provided with medical treatment for her shoulder following this incident, including surgery for a rotator-cuff tear. She was released to full duty as of December 8, 2011, with no impairment rating. Her treating physician at the time, Dr. Birk, refused to assign an impairment rating, noting that Mullin had been "very difficult and dishonest" about her condition and had "faked residual symptoms, faked a frozen shoulder and as a result took advantage of the system for longer than necessary and received benefits beyond the actual time of injury and recovery." Mullin was discharged by Dr. Birk with a "[z]ero rating."

After being discharged by Dr. Birk, Mullin continued to seek treatment for her neck, back, and shoulder pain. At some unspecified point during her treatment, her employment was terminated. Eventually, Mullin was rehired by Alco in February 2013.

The second injury occurred on May 3, 2013, approximately three months after she had been rehired. Mullin was injured while trying to load a trampoline into a customer's vehicle.

She again complained of shoulder, neck, and back pain, as well as headaches.[1] Her injuries were again deemed compensable by her employer. She was again provided with medical treatment. Her treating physician, Dr. Larey, diagnosed cervicothoracic and left-shoulder strain, tension headaches, and chronic back pain. She was treated conservatively and ultimately referred to Dr. Schlesinger, a neurosurgeon.

Dr. Schlesinger reviewed an MRI conducted on July 2, 2013, and recent X-rays. He noted moderately severe to severe degenerative changes in the cervical spine.[2] Dr. Schlesinger gave Mullin the differential diagnoses of low back pain, neck pain and arm pain. He could not specify the exact cause of Mullin's complaints, but opined that her pain could have many etiologies, including the degenerative changes noted in her MRI and x-rays. Despite the uncertain etiologies of Mullin's complaints, Dr. Schlesinger proposed epidural steroid injections for her cervical-disc degeneration and neck pain, but did release her to light-duty work. At that point, Alco contested her claim for additional medical treatment and benefits, and Mullin filed a claim with the Commission.

A hearing was held on November 20, 2014. Mullin testified, and her medical records were introduced. On February 17, 2015, the Administrative Law Judge (ALJ) issued an opinion denying Mullin's claim for additional medical treatment and TTD benefits. Mullin filed a timely appeal to the Full Commission, which affirmed and adopted the opinion of the ALJ. It is from this decision that Mullin now appeals.

---

[1] She informed her physician that she had had similar headaches prior to her back surgery.

[2] A previous MRI of the cervical spine conducted on January 4, 2013, also revealed degenerative changes. The recommended treatment at that time was steroid injections.

SLIP OPINION

On appeal, Mullin argues that the Commission erred in finding that the steroid injections prescribed by Dr. Schlesinger were not reasonable, necessary, or causally related to her admittedly compensable injury because there had been no indication that the objective findings of injury had disappeared. She further argues that there was no evidence that her employer provided her with light-duty work within her restrictions. She claims that she has not reached maximum medical improvement, that she has ongoing treatment recommendations that have not been completed, and that she should be allowed to complete said treatment and receive further TTD benefits.

We first address Mullin's arguments relating to her claim for additional medical treatment. Arkansas Code Annotated section 11-9-508(a) (Repl. 2012) requires an employer to provide an injured employee such medical services as may be reasonably necessary in connection with the injury received by the employee. When the primary injury is shown to have arisen out of and in the course of employment, the employer is responsible for any natural consequence that flows from that injury. *Ingram v. Tyson Mexican Original*, 2015 Ark. App. 519, at 5–6. However, for this rule to apply, the basic test is whether there is a causal connection between the injury and the consequences of such. *Id*. The burden is on the employee to establish the necessary causal connection. *Id*. The determination of whether a causal connection exists between two episodes is a question of fact for the Commission. *Id*.

Here, Mullin's medical records revealed that many of her complaints were chronic conditions that had existed over the past 10–15 years and clearly predated the May 2013 incident. The ALJ found that Mullin suffered from degenerative conditions and had a history

SLIP OPINION



of chronic back, neck, and shoulder problems with accompanying headaches. Admittedly, the employer initially accepted compensability for Mullin's May 2013 injury, and medical treatment was provided. However, when Mullin was examined by Dr. Schlesinger, he diagnosed her injuries as cervical-disc degeneration, neck pain, headache, and low back pain and indicated that the precise etiology of those symptoms was unknown. These findings were noted by the ALJ. As a result, the ALJ determined that Mullin had failed to prove by a preponderance of the evidence that her need for medical treatment was causally related to her 2011 and 2013 work-related incidents. While Mullin testified that the conditions worsened after the May 2013 incident, her credibility was clearly in issue. It is the function of the Commission to determine the credibility of the witnesses and the weight given to their testimony. *Myers v. City of Rockport*, *supra*. The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id*. In assessing credibility, the ALJ noted that Mullin had been released from care after her 2011 accident because her treating physician found her to be dishonest in her reporting and that she had been malingering. We hold that there is substantial evidence of record to support the denial of additional medical treatment as not related to her 2011 or 2013 work injuries. Her recent compensable strain injuries were deemed resolved after nearly five months of treatment. Therefore, we affirm the denial of additional medical treatment as not reasonably necessary in relation to her compensable injury.

Next, we address Mullin's argument that she was entitled to TTD benefits. To be entitled to TTD benefits, the claimant must prove that he remains within his healing period and suffers a total incapacity to earn wages. *RPC, Inc. v. Hargues*, 2011 Ark. App. 264. Disability means "incapacity because of compensable injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the compensable injury." Ark. Code Ann. § 11-9-102(8). The healing period is "that period for healing of an injury resulting from an accident." Ark. Code Ann. § 11-9-102(12). Mullin was released by Dr. Schlesinger to perform light-duty work, and there was no evidence presented that Mullin was totally incapable of earning wages. Thus, there was substantial evidence presented to support the Commission's decision that she was not entitled to TTD benefits.

Affirmed.

KINARD and HIXSON, JJ., agree.

*Gary Davis*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Randy P. Murphy* and *Seth A. White*, for appellees.