Cite as 2017 Ark. App. 124

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-523

| | |
|---|---|
| | **Opinion Delivered** March 1, 2017 |
| MITCHELL KELLY LOVEJOY<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION |
| V. | [NO. G308701] |
| KEN'S SIGNS AND PEERLESS<br>INSURANCE COMPANY<br>APPELLEES | AFFIRMED |

## LARRY D. VAUGHT, Judge

Mitchell Kelly Lovejoy appeals the opinion of the Arkansas Workers' Compensation Commission (the Commission) denying his request for additional medical benefits, temporary total-disability benefits, permanent partial-disability benefits, rehabilitation benefits, and attorney's fees. We affirm the Commission's decision.

On October 23, 2013, Mitchell Lovejoy suffered an admittedly compensable shoulder injury while working for appellee, Ken's Signs. Following surgery to repair his shoulder, Ken's Signs gave Lovejoy time off work and then placed him on light duty. After several weeks of physical therapy, Lovejoy reported to his doctor, Dr. John Marcus Heim, that he had no inflammation or pain and had a full range of motion in his shoulder. Dr. Heim released Lovejoy's work restrictions and found him to be at maximum medical improvement but prescribed two additional weeks of physical therapy for Lovejoy to work on strengthening exercises.

Lovejoy voluntarily terminated his employment with Ken's Signs and took a higher-paying job with Vision Cabling Service performing maintenance work on backhoes and other machines. After approximately eight months, he was terminated for reasons unrelated to his shoulder injury and collected unemployment benefits.

In April of 2014, Lovejoy returned to Dr. Heim and complained of increased pain in his shoulder. Dr. Heim recommended that he resume performing shoulder-strengthening exercises. Lovejoy filed for a change of physician, which was granted. Lovejoy then saw Dr. Christopher Arnold, to whom he reported shoulder pain and limited range of motion since his surgery. Dr. Arnold scheduled an MRI to be performed on Lovejoy's shoulder. It is undisputed that, on the evening of February 14, 2015, Lovejoy fell down the stairs in his home, causing him to seek emergency medical treatment. Medical records revealed that, while Lovejoy reported shoulder pain and stiffness during the emergency-room visit, he did not report that he had fallen at home. On February 23, 2015, Lovejoy had the previously scheduled MRI, which showed "postoperative changes of prior superior labral repair with small area of residual laterally directed signal alteration of superior labrum posterior to the bicep anchor." The radiologist noted that the findings "could represent expected postoperative signal alterations" but further noted that "a small residual tear cannot be entirely excluded." Dr. Arnold then diagnosed Lovejoy with a failed SLAP lesion repair and biceps tendonitis and recommended surgery. Again, medical records revealed that Lovejoy did not report to Dr. Arnold that he had fallen down the stairs at home.

At a hearing before an administrative law judge (ALJ), Lovejoy argued that he was entitled to (1) additional medical treatment in the form of surgery, (2) temporary total-disability

benefits, (3) permanent partial-disability benefits, (4) rehabilitation benefits, and (5) an attorney's fee. The ALJ found that Lovejoy had failed to prove his entitlement to any of the requested benefits. On appeal, the Commission adopted and affirmed the ALJ's decision. This timely appeal followed.

In appeals from the Arkansas Workers' Compensation Commission, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we must affirm if those findings are supported by substantial evidence. *Mullin v. Duckwall Alco*, 2016 Ark. App. 122, 484 S.W.3d 283. The issue on appeal is not whether the appellate court would have reached a different result or whether the evidence could support a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm. *Id.*

Arkansas Code Annotated section 11-9-508(a) (Repl. 2013) requires that an employer "promptly provide for an injured employee such medical . . . services . . . as may be reasonably necessary in connection with the injury received by the employee." However, the statute specifically states that "benefits shall not be payable for a condition which results from a non-work-related independent intervening cause following a compensable injury which causes or prolongs disability or a need for treatment." Ark. Code Ann. § 11-9-102(4)(F)(iii). The "independent intervening cause does not require negligence or recklessness on the part of the claimant." *Id.*

The Commission is not required to believe the testimony of the claimant or any other witness but may accept as fact only those portions of the testimony that it deems credible. *Long v. Wal-Mart Stores, Inc.*, 98 Ark. App. 70, 79–80, 250 S.W.3d 263, 271–72 (2007). The

Commission also has the authority to accept or reject medical opinions, and its resolution of the medical evidence has the force and effect of a jury verdict. *Cossey v. Gary A. Thomas Racing Stable*, 2009 Ark. App. 666, at 7–8, 344 S.W.3d 684, 688.

In the present case, we are satisfied that the Commission's denial of additional medical treatment was supported by substantial evidence. First, the Commission relied on Dr. Heim's medical records, which showed that Lovejoy had reported no pain, no inflammation, and a full range of motion following surgery. Dr. Heim's medical records noted that "his outcome is excellent enough that he does not qualify for permanent partial impairment." The Commission noted that, although Lovejoy later complained of shoulder pain, there was not substantial evidence linking it to his compensable injury, given that he had previously fully recovered from his shoulder injury after undergoing surgery but had subsequently fallen down the stairs in his home. The fall caused him to seek emergency medical treatment, but the Commission noted that Lovejoy never mentioned to the emergency-room doctors that his pain may have been caused by the fall in his home. He only mentioned the work-related injury he had suffered approximately fifteen months prior. Lovejoy also did not report the fall to Dr. Arnold at his next visit, although he did report that shoulder pain had caused him to seek emergency medical treatment. Dr. Arnold's notes state that Lovejoy "woke up with extreme pain and stiffness" on February 14, 2015, and was seen at the ER.

The Commission found Dr. Heim's opinion credible and noted that Dr. Arnold's opinion was based in large part on incomplete facts provided to him by Lovejoy. It also noted that Lovejoy had been able to work as a backhoe mechanic for several months following his surgery, that his complaints to Dr. Arnold of increased pain did not occur until after he had

SLIP OPINION

been fired from Vision Cabling Service, and that the MRI conducted in February 2015 was performed after Lovejoy's intervening fall down the stairs. Finally, the Commission gave Lovejoy's subjective complaints of pain very little weight because they were inconsistent with his demonstrated working ability and his previous report to Dr. Heim. In sum, there was substantial evidence to support the Commission's conclusion that Lovejoy was not entitled to additional medical benefits. We affirm the Commission's decision on this point.

The Commission also found that Lovejoy had failed to prove that he was entitled to either temporary total-disability benefits or permanent partial-disability benefits. The Commission noted that Dr. Heim had found on March 25, 2014, that Lovejoy had reached maximum medical improvement, had no pain or inflammation, had a full range of motion, and that his recovery was "excellent enough" that he did not qualify for additional benefits. The Commission specifically found Dr. Heim's opinion to be credible and entitled to great weight. For the reasons discussed above, the Commission concluded that Lovejoy's subsequent complaints of pain were unrelated to his compensable shoulder injury. Finally, regarding permanent partial-disability benefits, the Commission noted that, following his surgery and rehabilitation, Lovejoy worked for approximately eight months performing manual labor at a wage higher than what he had been making before the injury, indicating that he had neither a partial nor a total incapacity to earn wages. We affirm the Commission's denial of temporary total-disability benefits and permanent partial-disability benefits.

Lovejoy also sought rehabilitation benefits pursuant to Arkansas Code Annotated section 11-9-505(b)(1). In order to be entitled to rehabilitation benefits, Lovejoy must first prove a permanent impairment. *Id.* Because we have affirmed the Commission's denial of

permanent partial-disability benefits, we must also affirm the denial of his request for rehabilitation benefits.

Finally, Lovejoy sought attorney's fees pursuant to Arkansas Code Annotated section 11-9-715. However, an award of attorney's fees is available only to a claimant who is awarded controverted indemnity benefits or has a successful appeal before this court. Ark. Code Ann. § 11-9-715. Lovejoy does not qualify for an award of attorney's fees under this section because we have affirmed the Commission's denial of any additional benefits.

Affirmed.

WHITEAKER and MURPHY, JJ., agree.

*Parker Law Firm, PLLC*, by: *Stephen C. Parker, Jr.*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *James A. Arnold II* and *Joseph Karl Luebke*, for appellee.